CITY OF BUTTE, APPELLANT, *v.* NEVIN, RESPONDENT.

(No. 3,207.)

(Submitted November 25, 1912.   Decided November 30, 1912.)

[128 Pac. 600.]

*Cities and Towns—Public Files—Copies—Title to—Mayor.*

1.   Title to copies of papers on file in the office of the city clerk, given to the mayor by the person who prepared them, is not in the city but in the mayor, and the latter on retirement from office may retain such copies.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

ACTION in claim and delivery by the City of Butte against Chas. P. Nevin to recover possession of a copy of a report relative to the city's financial affairs, *etc.*   From a judgment for defendant, plaintiff city appeals.   Affirmed.

*Mr. H. Lowndes Maury,* and *Mr. John A. Smith,* submitted a brief in behalf of Appellant; *Mr. Smith* argued the cause orally.

Replevin will lie for the recovery of parish records.   (*Stebbins* v. *Jennings,* 10 Pick. (Mass.) 172; *Sawyer* v. *Baldwin,* 11 Pick. (Mass.) 492.)   It will undoubtedly be contended on the part of the respondent that the remedy provided by section 428, Revised Codes, is the only remedy that could be invoked in this case.   The report in controversy was not an official record, but a document prepared by appellant for its convenience, to be used by any of its officials or agents.   But even if it should be held that this report was part of the books and papers of the mayor's office, the remedy provided by section 428 is not exclusive.   Appellant would still have the right to bring an action in claim and delivery if it so desired.

*Messrs. Lamb & Walker,* for Respondent, submitted a brief.

The respondent relies upon each of the three propositions, either one of which, if correct, is sufficient to sustain the judg-

ment of the district court. They are as follows: (1) That an action in claim and delivery will not lie under the facts in this case; (2) that the appellant is not the proper party plaintiff in this action; and (3) the subject of this action is the property of the respondent. If the theory of the appellant is correct, that the property in controversy is the property of the appellant, then the proper action for its recovery or restoration would be under sections 427, 428 and 429 of the Revised Codes.

It would seem that public property is not subject to an action in claim and delivery, for in order to recover possession of property in an action of this kind, it is essential to make an affidavit setting forth the matter contained in subdivision 3, section 6623, Revised Codes, and which reads as follows: "That the same has not been taken for a tax, assessment, or fine, pursuant to statute, or seized under an execution, or an attachment against the property of the plaintiff, or if so seized that it is by statute exempt from seizure." The supreme court of California, under like statutory provision, has held that the remedy therein provided is proper. (*Hulls* v. *Superior Court of Shasta County,* 63 Cal. 174.) In the states where this summary statutory proceding does not obtain, the proper remedy for the recovery of public documents and papers seems to be by an action in *mandamus.* (*Stevens* v. *Carter,* 27 Or. 553, 31 L. R. A. 342, and note, 40 Pac. 1074; *Marbury* v. *Madison,* 1 Cranch, 137, 2 L. Ed. 60; 17 Ency. Pl. & Pr. 136.)

As to the second proposition, we contend that the city of Butte is not entitled to the possession of the property sought to be recovered. The incumbent of the office in whose custody and control such property is lodged would be the proper party plaintiff if an action of this kind would lie.

As to the third proposition, we contend that the evidence in this case conclusively shows that the particular property sought to be recovered is property that never belonged to the city of Butte, but is the property of the respondent himself, donated to him by the courtesy of the contractor.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action in claim and delivery. The plaintiff seeks to recover from the defendant the possession of a document containing a report of its financial affairs, the amount of revenues received and disbursed, *etc.*, covering the period from the first Monday in May, 1901, until November 30, 1910. The complaint is in the usual form, alleging title and right of possession in plaintiff and wrongful detention by defendant. The answer admits the capacity of plaintiff, but denies all other allegations of the complaint. A trial had without a jury resulted in a decision and judgment in favor of defendant. The plaintiff has appealed from the judgment.

In their briefs counsel devote much of their argument to the questions whether an action in claim and delivery lies under the facts disclosed in this case, and whether, if so, it can be maintained in the name of the plaintiff. For present purposes we may assume, without deciding, that both questions should be resolved in favor of the plaintiff. Even so, the evidence fails to make a case upon which it is entitled to recover.

Under a contract entered into on September 26, 1910, between the plaintiff and Pogson, Peloubet & Co., accountants, the latter were employed to audit the accounts of plaintiff, covering the period mentioned above, and to make a complete detailed report [1] of all receipts and disbursements for each term of two years included in that period. This contract called for a report to the city. Before the report was finally made, the defendant (then mayor of the city) requested Pogson, Peloubet & Co. to furnish him three copies of their report: one for the city, a second for the Business Men's Association of the city, and a third for his office. They delivered two copies to the defendant in person, and a third directly to the Business Men's Association. Of those delivered to the defendant, one was presented by him to the city council; the other he received as his own, and, presumably, upon his retirement from office retained it among his private papers. The copy presented to the council found its way into the hands

of the city clerk and was by him filed among the records of his office. The files of the office now show that by an agreement between the council and Phil. C. Goodwin, who had theretofore served as city treasurer, the latter was allowed to take this copy from the office for examination, leaving his receipt for it. So far as the evidence discloses, it is now in his possession.

Pogson, Peloubet & Co. fully discharged their contract with the city when they delivered to it one document embodying the result of their investigations in the form in which they agreed to make it. If they chose to make carbon copies for themselves or for the accommodation of other persons, as was the case here, the title to such copies did not vest in the city but in the persons for whom they were made, there being nothing in their contract prohibiting Pogson, Peloubet & Co. from furnishing as many of such copies as they chose. The mayor of a city in this state is not required to keep a record of his official acts. The duty to keep the files and records of the city appertains to the clerk, who is bound to deliver them to his successor. (Rev. Codes, sec. 3253.) If the mayor chooses to keep a record including copies of documents which must be preserved in the files of the clerk's office, they are his private property, and title to them does not vest in the city by virtue of the fact that he is acting as its chief executive at the time. Having delivered the copy to the city council, and having seen that it found its way into the records of the city, his duty was fully discharged.

Let the judgment be affirmed.

*Affirmed.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.